IN THE UNITED STATES DISTRICT COURT
FOR THE ESTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALICIA E. PEREZ | § | CAUSE NO. 4:05-CV-210 |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | |
| | § | |
| ENCORE WIRE CORP. | § | |
| DBA EWC HOLDING CORP., | § | |
| | § | |
| & ENCORE WIRE LIMITED, | § | |
| | § | |
| & VICTOR BRENA, | § | |
| | § | |
| & RUBEN SAMBRANO | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE COURT**:

Plaintiff, Alicia E. Perez, files this her first amended complaint, complaining of Encore Wire, Inc, DBA EWC Holding Corp., Encore Wire Limited, Victor Brena , and Ruben Sambrano and for causes of action respectfully shows:

**I.**

**Discovery Control Plan**

1. This Court has set a discovery control plan.

**II.**

## Parties

2. Plaintiff Alicia E. Perez is an individual residing at 1521 Lucas Terrace, Plano, TX 75074.

3. a. Defendant Encore Wire Corp., DBA EWC Holdings Corp, which does business in McKinney, Texas has been served.

   b. Encore Wire Limited , McKinney, Texas is a business and it has been served.

   c. Victor Brena is an individual who lives in Texas, but is currently allegedly residing in Mexico. Plaintiff requests citation to be issued.

   d. Ruben Sambrano allegedly lives in Texas. Plaintiff requests citation to be issued.

### III.

## Jurisdiction

4. The court has jurisdiction over the lawsuit under 42 U.S.C. § 2000e2., Title VII, of the Age/ or Sex Discrimination in Employment Act. and under the common law of the **State of Texas** and Plaintiff seeks relief within the jurisdictional limits of this Honorable Court.

### IV.

## Exhaustion of Administrative Procedures.

5. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against defendants. Plaintiff filed the original complaint within the required time limit after receiving a notice of the right to sue from the EEOC.

### V.

## Plaintiff Is Employee

6. Plaintiff is an employee within the meaning of Title VII and belongs to a class

protected under the statute, name a minority group (Hispanic) and a female.

## VI.

### Defendant Encore Is Employer

7.  Defendant is an employer within the meaning of Title VII. [42 U.S.C. §2000e(f)]

8.  Plaintiff alleges a hostile work environment remains and management personnel remain employed by Encore that have created a hostile, harassing and discriminatory environment.

## VII.

### Cause Of Action Against Defendant Encore Wire Corp., DBA EWC Holding Corp.

9.  Plaintiff incorporates the above stated allegations set forth in the preceding paragraphs 5-8 which give rise to the following cause of action against Defendant Encore Wire:

A.  Sexual Harassment under **42 U.S.C. § 2000e2**, Title VII of the Age/Sex Discrimination in Employment Act; and

(i) Plaintiff alleges that Defendant intentionally discriminated against plaintiff in violation of Title VII by creating a sexually hostile work environment. Plaintiff's supervisor, Victor Brena (an employee of Encore) allegedly made numerous requests for sex of Plaintiff, touched Plaintiff in her private areas, and raped Plaintiff. Plaintiff alleges she told Encore's management, including, but not limited to the plant manager Mr. Steve Grant, that she was being harassed and eventually raped by her supervisor, but Encore's management did not take timely action. It is understood Mr. Victor Brena was eventually fired. Defendant, Encore, did

not exercise reasonable care to prevent and cure allegations of sexual harassment.  Defendant ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct.

       (ii) Plaintiff alleges that Defendant Encore's employee, Ruben Sambrano, assaulted Plaintiff, pushed his sexual organ upon Plaintiff, and severely injured Plaintiff's head and caused other injuries to Plaintiff.  Plaintiff alleges that Encore was on notice of possible harassment by male employees and failed to take proper precautions to safeguard plaintiff.  Defendant, Encore, did not exercise reasonable care to prevent and cure allegations of sexual harassment.  Defendant ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct.                                                                                            .

    B.  Discrimination under **42 U.S.C. § 2002 e2**, Title VII of the Age/Sex Discrimination in Employment Act.  Plaintiff alleges that she was demoted from lead person due to her being a woman (meaning an Hispanic woman).  Plaintiff performed the functions of a leadperson (lady) for months.  Plant manager, Steve Grant demoted plaintiff and plaintiff alleges Mr. Grant's agent who informed her said she was demoted because she was a woman, apparently meaning an Hispanic woman.  Plaintiff also alleges Mr. Grant may have demoted her as a possible means of getting her to quit and not reveal information concerning her sexual harassment, and possibly as a means to help cover any alleged improper actions by Mr. Grant, and possibly as retaliation by Mr. Grant for her allegedly reporting her sexual harassment to him.

    C.  Negligent Retention.

       (i)  Encore retained Mr. Victor Brena after Encore management, including Mr. Steve Grant and others were informed of Mr. Brena's  harassment and rape of plaintiff.  Mr.

Brena harassed Plaintiff when she was at work and when she was not at work.

       D.  Negligent Supervision.

         (i) Encore failed to adequately supervise Mr. Victor Brena , an Encore supervisor, even though Plaintiff alleges Encore management, including the plant manager Mr. Steve Grant were informed of Mr. Victor Brena's verbal and physical sexual harassment  and eventual rape of plaintiff.  Mr. Brena allegedly harassed Plaintiff when she was at work and when she was not at work.

       E.  Intentional Infliction of Emotional Distress.  Defendant Encore did not timely terminate Mr. Victor Brena after his alleged rape of plaintiff and alleged harassment of plaintiff.  Encore allegedly made other efforts to harass and belittle plaintiff after being informed of plaintiff having been raped and harassed by her supervisor.  Defendant Encore demoted plaintiff after Mr. Grant was allegedly informed of plaintiff being sexually harassed and eventually raped.  Encore did not prevent Mr. Brena sending a threatening statement, through another employee,  to Plaintiff after Mr. Brena was eventually terminated and left the premises.  Defendant Encore did not adequately provide for a non-hostile environment for plaintiff.  Encore did not adequately investigate and manage Mr. Grant and others after it became aware, or should have been aware that improper activities were occurring which permitted abuse of plaintiff.

       F.  Breach of Contract.  Defendant Encore plant manager, Mr. Steve Grant promoted plaintiff to lead person (lady) and promised her a raise. Even though plaintiff performed the work of lead person (lady) for months  she was never compensated for her increased responsibilities.  Defendant allegedly breached it's contract by failing to pay the increased

wages for plaintiff's services. Failure by Encore to give the agreed pay raise after promotion of plaintiff to lead person (lady), was a breach of contract.

### VIII

### Cause of Action Against Defendant Victor Brena

10. Plaintiff incorporates the allegations set forth in paragraphs 5 through 9, which give rise to the following cause of action against Defendant Victor Brena:

A. Sexual Harassment under 42 U.S.C. § 2000e2, Title VII of the Age/Sex Discrimination in Employment Act.  Defendant harassed Plaintiff by sexual comments, asking for sex, touching plaintiff's private parts, and eventually raping Plaintiff.

B. Intentional Infliction of Emotional Distress.  Defendant threatened to harm plaintiff and her sisters.

C. Sexual assault.  Defendant allegedly raped plaintiff.

D. False Imprisonment.  Defendant allegedly forcefully restrained plaintiff.

E. Assault and Battery.  Defendant allegedly threatened and assaulted plaintiff.

### IX.

### Cause of Action Against Defendant Ruben Sambrano

11. Plaintiff incorporates the allegations set forth in paragraphs 5 through 10, which give rise to the following cause of action against Defendant Ruben Sambrano:

A. Sexual Harassment under 42 U.S.C. § 2000e2, Title VII of the Age/Sex Discrimination in Employment Act; and   Defendant allegedly harassed plaintiff and tried to physically force himself on her.

B.  Sexual assault.  Plaintiff alleges defendant tried to force himself physically on her.

C.  False Imprisonment.  Plaintiff alleges defendant forcefully restrained her.

D.  Battery.  Plaintiff alleges defendant physically attacked her.

**X**

**Causes of Action Against Encore Wire Limited**

12.  Plaintiff incorporates the above stated allegations set forth in the preceding paragraphs 5 -11 which give rise to the following cause of action against Defendant Encore Wire Limited:

A.  Sexual Harassment under **42 U.S.C. § 2000e2**, Title VII of the Age/Sex Discrimination in Employment Act; and

(i) Plaintiff alleges that Defendant intentionally discriminated against plaintiff in violation of Title VII by creating a sexually hostile work environment.  Plaintiff's supervisor, Victor Brena (an employee of Encore) allegedly made numerous requests for sex of Plaintiff, touched Plaintiff in her private areas, and raped Plaintiff.  Plaintiff alleges she told Encore's management, including, but not limited to the plant manager Mr. Steve Grant, that she was being harassed and eventually raped by her supervisor, but Encore's management did not take timely action.  It is understood Mr. Victor Brena was eventually fired. Defendant, Encore, did not exercise reasonable care to prevent and cure allegations of sexual harassment.  Defendant ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct.

(ii) Plaintiff alleges that Defendant Encore's employee, Ruben Sambrano, assaulted Plaintiff, pushed his sexual organ upon Plaintiff, and severely injured Plaintiff's head and

caused other injuries to Plaintiff.  Plaintiff alleges that Encore was on notice of possible harassment by male employees and failed to take proper precautions to safeguard plaintiff.  Defendant, Encore, did not exercise reasonable care to prevent and cure allegations of sexual harassment.  Defendant ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct.                                                            .

      B.  Discrimination under **42 U.S.C. § 2002 e2**, Title VII of the Age/Sex Discrimination in Employment Act.  Plaintiff alleges that she was demoted from lead person due to her being a woman (meaning an Hispanic woman).  Plaintiff performed the functions of a leadperson (lady) for months..  Plant manager, Steve Grant demoted plaintiff and plaintiff alleges Mr. Grant's agent who informed her said she was demoted because she was a woman, apparently meaning an Hispanic woman.  Plaintiff also alleges Mr. Grant may have demoted her as a possible means of getting her to quit and not reveal information concerning her sexual harassment, and possibly as a means to help cover any alleged improper actions by Mr. Grant, and possibly as retaliation by Mr. Grant for her reporting her sexual harassment to him.

      C.  Negligent Retention.

    (i)  Encore retained Mr. Victor Brena after Encore management, including Mr. Steve Grant and others were informed of Mr. Brena's  harassment and rape of plaintiff.  Mr. Brena harassed Plaintiff when she was at work and when she was not at work.

      D.  Negligent Supervision.

    (i)  Encore failed to adequately supervise Mr. Victor Brena , an Encore supervisor, even though Plaintiff alleges Encore management, including the plant manager Mr. Steve Grant were informed of Mr. Victor Brena verbal and physical sexual harassment  and eventual rape of

plaintiff.  Mr. Brena harassed Plaintiff when she was at work and when she was not at work.

      E.  Intentional Infliction of Emotional Distress.  Defendant Encore did not timely terminate Mr. Victor Brena after his alleged rape of plaintiff and alleged harassment of plaintiff.  Encore allegedly made other efforts to harass and belittle plaintiff after being informed of plaintiff having been raped and harassed by her supervisor.  Defendant Encore demoted plaintiff after Mr. Grant was allegedly informed of plaintiff being sexually harassed and eventually raped..  Encore did not prevent Mr. Brena sending a threatening statement, through another employee,  to Plaintiff after Mr. Brena was eventually terminated and left the premises.  Defendant Encore did not adequately provide for a non-hostile environment for plaintiff.  Encore did not adequately investigate and manage Mr. Grant and others after it became aware, or should have been aware that improper activities were occurring which permitted abuse of plaintiff.

      F.  Breach of Contract.  Defendant Encore plant manager, Mr. Steve Grant promoted plaintiff to lead person (lady) and promised her a raise. Even though plaintiff performed the work of lead person (lady) for months  she was never compensated for her increased responsibilities.  Defendant allegedly breached it's contract by failing to pay the increased wages for plaintiff's services. Failure by Encore  to give the agreed pay raise after promotion of plaintiff to lead person (lady), was a breach of contract.

## XI.

## Causation; Actual Damages.

13. Plaintiff incorporates the allegations set forth in paragraphs 5 through 12. The conduct described in the preceding paragraphs was the producing and proximate cause of damages to Plaintiff. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages.

    a. Plaintiff was demoted from leadperson (lady) to machine operator, resulting in lost pay and benefits.

    b. Plaintiff suffered mental anguish and emotional distress in the form of severe depression, Post Traumatic Stress Syndrome, inability to cope with work situation.

    c. Plaintiff suffered physical illness in the form of head injuries, arm bruises, head aches, and inability to focus eyes.

    d. Plaintiff has suffered economic loss in the form of missed work and pay. Plaintiff has had to make expenditures of money for legal representation. Plaintiff has had to pay for medical expenses due to injuries received from actions of defendants.

## XII.

## Attorney's Fees

14. Plaintiff incorporates the allegations set forth in paragraphs 5 through 13. Plaintiff seeks reasonable and necessary attorney's fees, as allowed by law including Title VII, 42 U.S.C. §200e-5(k).

## XIII.

## Request for a Jury Trial

15. Pursuant to Texas Rules of Civil Procedure Plaintiff requested a Jury Trial; the scheduling order of this Court orders a jury trial and Plaintiff requests that order be upheld.

## XIV.

## **Request For Relief**

16 . Plaintiff respectfully prays the unserved Defendants be cited to appear and answer herein, defendant Encore has been served and that upon final trial hereof:  Plaintiff requests judgment against Defendants, and for all  damages, attorney's fees, costs of suit,  all statutory additional damages as set forth above, any additional damages Plaintiff may demonstrate to this Court, costs of court,  prejudgment and postjudgment interest at the highest lawful rates. Plaintiff requests punitive damages due to alleged egregious nature of defendants actions.

17.  Plaintiff also asks for such other relief to which Plaintiff may be entitled either in law or equity, or as the Court may deem appropriate.

Respectfully submitted,

/s/Harmon A. Cook, Jr.
Cook Law Firm, P.C.
Harmon A. Cook, Jr.
S.B.O.T. #24036392
5608 W. Plano Pkwy., Suite 300
Plano, Texas 75093
972-381-4296 Phone
972-596-5801 Fax

Attorney for Plaintiff, Perez

## Certificate of Service

I certify that a copy of Plaintiff's First Amended Petition on

December 12,2005 will be

sent via Fax

**Or**

Certified Mail Return Receipt Requested

**Or**

Will Be Placed In First Class U.S. Mail

To:

Mr. Ryan Griffitts
Thompson Coe
700 N. Pearl Street, Twenty-Fifty Floor
Dallas, TX 75201

        Respectfully submitted by:

        /s/Harmon A. Cook, Jr.
        Harmon A. Cook, Jr.
        S.B.O.T. # 24036392
        Attorney for Alicia E. Perez, Plaintiff
        Cook Law Firm, P.C.
        5068 W. Plano Parkway, Suite 300
        Plano, Texas 75093
        972-381-4296 (telephone)

        972-596-5801 Fax