IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALICIA E. PEREZ | § | |
| | § | |
| VS. | § | Case No. 4:05cv210 |
| | § | (Judge Bush) |
| ENCORE WIRE CORP., ET AL. | § | |

**ORDER**

Plaintiff, by her First Amended Complaint, filed suit against Encore Wire Limited ("Encore"), Victor Brena, and Ruben Sambrano. Encore has moved for Summary Judgment. Having considered Encore's motion, Plaintiff's response, and Encore's reply, the Court finds as follows.

As to Encore, Plaintiff has filed claims for sexual harassment, discrimination on the basis of nationality, negligent retention and supervision of Defendant Victor Brena, intentional infliction of emotional distress, and breach of contract. Plaintiff has also sued the two named individual defendants. Plaintiff has failed to serve either Sambrano or Brena within the prescribed time for service. *See* FED. R. CIV. P. 4(m). Therefore, Plaintiff's claims against Defendants Brena and Sambrano are dismissed without prejudice.

As to the remaining causes of action, summary judgment is proper when the evidence. viewed in the light most favorable to the non-movant, reflects no genuine issues of material facts for resolution. *Rubinstein v. Adm'rs of the Tulane Educ. Fund,* 218 F.3d 392, 399 (5th Cir. 2000) cert. denied, 532 U.S. 937, 121 S.Ct. 1393, 149 L.Ed. 316, (2001). The Court is required to review the facts in the light most favorable to the non-movant. *Walker v. Thompson,* 214 F.3d 615,624 (5th Cir.

2000). Plaintiff's allegations as to sexual harassment mention numerous requests for sex, touching of the plaintiff in private areas, and actual rape. Her discrimination claim centers around a demotion from the position of lead person because she was a Hispanic woman. Perez has brought supervisor and co-employee sexual harassment claims.

The plaintiff in any Title VII sexual harassment case must , as an initial matter, establish that (1) she belongs to a protected class; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term or condition of employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action. *Jones v. Flagship Int'l,* 793 F.2d 714, 719-20 (5th Cir. 1986); *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999). Harassment may be shown either by showing that there was either a *quid pro quo* arrangement or that Plaintiff was subjected to a hostile environment. Plaintiff's complaint alleges a hostile work environment. As to Brena, she satisfies the elements for a hostile work environment claim. A corporation may be vicariously liable for the acts of a supervisor if it is demonstrated that the supervisor is the company's "proxy," or if the corporation fails to successfully raise a *Faragher/Ellerth* affirmative defense to liability. *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376 (5th Cir. 2003).

In two opinions published the same day, the Supreme Court addressed the issue of an employer's vicarious liability and established an affirmative defense that may be raised in some hostile environment cases. *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). The Court held in these cases that:

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. When no tangible employment

> action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence. *See* FED. R. CIV. P. 8(c). The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

*Ackel*, 339 F.3d at 382-383 (citing *Faragher* 524 U.S. at 807).

Plaintiff's claim for hostile work environment must fail under the analysis provided in *Hockman v. Westward Commc'ns , LLC*, 407 F.3d 317 (5th Cir. 2004). Ms. Perez's primary complaint is with Victor Brena, who was a supervisor or lead man, but not an officer of the company. She claims that he started sexually harassing her in November of 2002. He would "talk[] dirty, propose nasty things, sex things, and just always talked nasty." Brena stated he wanted "to do her in different sexual positions" and made comments about her breasts. He would point to his genitals and indicate his desire for Plaintiff. Plaintiff claims that in 2003 Brena became more aggressive toward her. He wanted her "to give it to him" and would frequently touch and grab her. He touched her buttocks. He also showed his genitals to her and touched himself in front of her. Plaintiff claims that all of this culminated in December 2003 when Brena raped her at work one evening. Encore denies that this happened and even points out that the rape was not reported for several months after it allegedly happened and that the records of the company demonstrate that Brena was not at work on the day of the alleged rape. As alarming and possibly incredulous as these allegations may appear, the Court cannot engage in a credibility determination. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). The Court finds that, absent the valid affirmative defense noted below, Perez would have sufficiently demonstrated a complaint for sexual harassment. As to Sambrano, there was only one reported contact. Sambrano was promptly

terminated. As such, Perez cannot satisfy the fourth and fifth elements noted above as to Sambrano, and has no claim for harassment based on the conduct of Sambrano. In any event, for the reason noted below, Encore is not liable for Brena's conduct.

Encore and Ms. Perez agree that Brena was a supervisor. In a hostile environment case the inquiry is whether the supervisor's actions constituted severe or pervasive sexual harassment: If the conduct was not severe or pervasive, the employer cannot be held vicariously liable for the supervisor's actions; if the conduct was severe and pervasive, the employer is vicariously liable unless the employer can establish both prongs of the conjunctive *Faragher/Ellerth* affirmative defense. To establish this defense, the employer must show that (1) the employer exercised reasonable care to prevent and correct promptly any sexual harassment, *and* (2) the complaining employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer. As to the first prong of the defense, Encore has a policy which prohibits harassment and discrimination. The prohibited conduct is outlined and requirements for reporting are noted. The Court finds that Encore took reasonable steps to prevent workplace harassment. As to the second prong, Encore points out that Perez's claim must fail because she did not comply with the company's handbook on reporting harassment. The summary judgment record is clear that the handbook directs that the employee report harassment to the Human Relations Manager. Perez, who reads and speaks English, acknowledged that she received a copy of the Handbook. The record is also clear that she did not report any harassment to the Human Relations Manager. She says that she first reported the rape incident to her plant manager, Steve Grant, in December 2003. Of course, Grant denies this. He claims he did not learn of Brena's harassment until August 2004, at which time Brena was promptly fired. Irrespective of who is right or wrong, Encore maintains that, because

Perez did not follow the provisions of the company's reporting policy, she cannot maintain an action for hostile work environment.

"When a company, once informed of allegations of sexual harassment, takes prompt remedial action to protect the claimant, the company may avoid Title VII liability." *Nash v. Electrospace Sys., Inc.*, 9 F.3d 401, 402 (5th Cir. 1993). "Prompt remedial action must be 'reasonably calculated' to end the harassment." *Skidmore v. Precision Printing and Packaging, Inc.*, 188 F.3d 606, 615 (5th Cir. 1999)(quoting *Jones v. Flagship Int'l*, 793 F.2d 714, 719-20 (5th Cir. 1986). What constitutes prompt remedial action depends on the facts of the case, and "not every response by an employer will be sufficient to discharge its legal duty." *Id.* at 615 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 479 (5th Cir. 1989). "Rather, the employer may be liable despite having taken remedial steps if the plaintiff can establish that the employer's response was not 'reasonably calculated' to halt the harassment." *Id.* at 615-16. One factor the Fifth Circuit has held dispositive is whether the Plaintiff reasonably took advantage of corrective opportunities provided by the employer. *Hockman,* 407 F.3d at 329 (citing *Woods v. Delta Beverage Group, Inc*. 274 F.3d 295, 300 n.3 (5th Cir. 2001). In *Hockman*, the plaintiff utilized the first tier reporting requirement but failed to proceed further for fear of reprisal. The Court held that her failure to follow the company reporting procedure amounted to an unreasonable failure to take advantage of corrective opportunities provided by her employer. This case is no different. Here, the Plaintiff failed to take any steps as required by company policy. This analysis may appear harsh given what the plaintiff was forced to put up with according to her version of the events. However, there is no evidence that her nationality or education deserve any special consideration in making this analysis. In fact, she possesses a high school degree and also completed a two-year course of study in cosmetology. She

had the resources to understand what was required of her. It does appear that she reported several instances of harassment to Grant and prompt remedial action was taken, even though Grant was not the Human Resources Manager. There is no evidence that she was misled or misinformed as to the proper mechanism for reporting. In line with the Fifth Circuit's holding in *Hockman*, this Court has no other alternative but to grant Encore's motion as to Plaintiff's claim of hostile work environment.

Although not specifically pled, Plaintiff appears to claim that her demotion was in retaliation for her reports of sexual harassment. However, Plaintiff never filed a complaint with the EEOC complaining of retaliation. As such, any claim for retaliation is now foreclosed. Since the facts considered in a retaliation charge are different from a race or sex discrimination charge, it cannot be said that the retaliation claim was within the scope of the EEOC investigation. *See Clemmer v. Enron Corp.*, 882 F.Supp. 606 (S.D. Tex. 1995). Although Courts should grant some liberality in pleading Title VII claims, the scope of a Title VII suit should extend as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge. *Dollis v. Rubin,* 77 F.3d 777, 781 (5th Cir. 1995). This court lacks jurisdiction to hear Plaintiff's claims for retaliation.

Plaintiff has also brought claims for negligent hiring and supervision. Encore asserts that the Plaintiff's allegations of work-related injuries fail as a matter of law because the claims are preempted by the exclusive remedy of the Workers' Compensation Act. The Act is the exclusive remedy for injuries sustained by employees in the course of their employment and exempts employers from common law liability claims. *See* TEX. LAB. CODE ANN. § 408.001(a) (Vernon 1996); *McAlister v. Medina Elec. Co-op, Inc.*, 830 S.W.2d 659, 663 (Tex. App.--San Antonio 1992, writ denied); *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex. 1985). Although not

briefed by Plaintiff, there is an exception when the employee can show that the act was one of personal animosity. *See generally, Urdiales v. Concord Techs. Delaware, Inc.*, 120 S.W.3d 400 (Tex. App.--Houston [14th Dist. ] 2003, pet. denied). In the Court's opinion, rape is not such an injury whose condition is attached solely to Perez's place of employment. *See generally, Walls Reg'l Hosp. v. Bomar*, 9 S.W.3d 805 ( Tex. 1999). Here, Plaintiff argues that the incident occurred late in the evening in a room where no other employees were working. Encore argues that it did not occur on the day claimed because Brena was not at work. Perez says that she complained about Brena's conduct prior to the rape and that he would contact her at home. If rape occurred as alleged, Plaintiff very well might be foreclosed on a workers' compensation claim. The fact that Brena was not acting within the scope of his employment by allegedly raping Ms. Perez does not defeat Perez's negligent supervision claims as a matter of law. *Green v. Ransor, Inc.* , 175 S.W. 3d 513, 518 (Tex. App.-- Fort Worth 2005, no pet.).

      Plaintiff also sues for negligent infliction of emotional distress. Encore moves for summary judgment claiming that this claim is merely a "gap-filler" tort " judicially created for the limited purpose of allowing recovery in those rare instances [in] which a [plaintiff]. ..has no other recognized theory of redress." *Hoffman-La Roche, Inc. v. Zeltwanger,* 144 S.W.3d 438, 447 (Tex. 2004). *Hoffman-La Roche* holds that when the gravamen of a plaintiff's complaint is for sexual harassment, the plaintiff must proceed solely under a statutory claim unless there are additional facts, unrelated to sexual harassment, to support an independent tort claim for intentional infliction of emotional distress. *Id.* at 441. *Hoffman-La Roche* does not preclude an independent claim against Brena. The Court finds that Plaintiff's claim of rape is in essence a claim for assault and battery which is not foreclosed by *Hoffman-La Roche*.

Nevertheless, Plaintiff has not pled or otherwise shown that Encore is liable for the acts of Brena. As a general rule, to impose liability upon an employer for the tort of its employee under the doctrine of respondeat superior, acts of the employee must fall within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired. *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 SW.3d 489, 493 (Tex. App.--Fort Worth, 2002, no pet.). Intentional torts such as assault and battery are not ordinarily within the course and scope of an employee's authority or employment. *Id.* at 494. Regardless of whether Brena acted within the course and scope of his employment, the company may still be liable if Brena was a vice-principal of the corporation. *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 618 (Tex. 1999). A vice-principal represents the corporation in its corporate capacity and includes persons who have authority to employ, direct, and discharge servants of the master, and those to whom a master has confided the management of the whole or a department or division of its business. *Id.* Here there is no pleading or evidence to suggest that Brena's position rose to that of a vice-principal. In fact, the affidavit of Hilario Delgado, submitted in support of Encore's motion, merely characterizes Brena's position as that of a lead man. The Court finds that Plaintiff may not recover on her claims for intentional infliction of emotional distress as to Encore.

Plaintiff also sues for discrimination under 42 U.S.C.§ 2002(e)(2). She claims that her demotion from lead operator was motivated by discrimination on the basis of her nationality. She served in the position of a lead operator for approximately four to six months. The evidence shows that she was replaced by a Caucasian female, Brenda Thorpe. Perez says she was demoted because she was presumably a Hispanic woman and out of retaliation for reporting Brena's and others' sexual advances. Grant's affidavit states that Plaintiff was written up numerous times during her

employment as a lead clipper operator based on her absences, tardiness, and for approving products to be sent for distribution with an incorrect box count.

To survive summary judgment on her discrimination claim, Plaintiff must satisfy the burden shifting test adopted in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973) and recently reaffirmed in *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133 (2000). Under this test, the plaintiff must first establish a *prima facie* case of discrimination, and if she successfully does so, the defendant shall respond by setting forth a legitimate, non-discriminatory reason for its decision. *Reeves*, 530 U.S. at 142; *Okoye v. The University of Texas Houston Health Science Center*, 245 F.3d 507, 512 (5th Cir. 2001) . If the defendant produces a legitimate reason, any presumption of discrimination raised by the Plaintiff's *prima facie* case vanishes. *Okoye*, 245 F.3d at 512. However, the Plaintiff may still avoid summary judgment if she demonstrates a genuine issue of material fact as to whether the legitimate reasons proffered by the defendant are not its true reasons, but instead are a pretext for discrimination. *Id.* In *Machinchick v. PB Power, Inc.*, 398 F.3d 345 (5th Cir. 2005), the Court also stated that when confronted with a presumption of discrimination in a circumstantial evidence case, the Defendant must articulate a legitimate , non-discriminatory reason for its decision to terminate a plaintiff, and if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact that either: (1) the stated reason is not true but is merely a pretext for discrimination; or (2) the reason , while true, is only one of the reasons for its conduct , and another motivating factor is Plaintiff's protected characteristic.

Perez may establish her *prima facie* case by showing that she (1) is a member of a protected class; (2) was qualified for her position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class, or that other similarly situated persons were

9

treated more favorably. *Shackelford v. Deloitte and Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999). Here Perez can only show that she was replaced by another woman who happens to be Caucasian. Encore has come forward with legitimate, non-discriminatory reasons for its decision. Plaintiff has simply put forward no evidence of pretext or mixed motive. Perez's affidavit does not address her demotion. Glorico Roman, in an affidavit, states that Grant said that Mexican women were not "tough enough to be...lead pe[ople]." In this case, Perez was in fact promoted to the position and then demoted. The affidavit is not clear as to the time frame referenced and does not create a sufficient fact issue as to pretext or even mixed motive. In her deposition, Dora Miranda states that Hispanic workers do not get the same break and smoke privileges reserved to Caucasians. Perez, in her deposition, states that a fellow employee told her she was demoted because she was a "lady." The Court has searched the record before it to determine whether Perez has brought forth any evidence of pretext or mixed motive and can find none. In fact, Plaintiff does not brief the issue at all. At best, Plaintiff's brief raises assertions as to what Plaintiff believes are the reasons for her demotion. Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment. *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

Plaintiff has also sued for breach of contract. Plaintiff said she was promised a pay raise on her promotion, but was not given a raise. Grant says there was no agreement and that a raise was only promised should Plaintiff excel at her position. As Encore points out, Plaintiff has never provided any evidence as to what the anticipated raise was. Therefore, Encore argues there can be no contract which is subject to enforcement. *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415,

1425 (5th Cir. 1995). The Court agrees..

IT IS THEREFORE ORDERED that Encore's Motion for Summary Judgment is GRANTED, in part and DENIED, in part, as follows: (1) Plaintiff's claims against Defendants Victor Brena and Ruben Sambrano are DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 4(m); (2) Plaintiff's claims against Encore for Sexual Harassment, Sex Discrimination, Breach of Contract, and Intentional Infliction of Emotional Distress are DISMISSED WITH PREJUDICE; and (3) Encore's Motion for Summary Judgment is DENIED with regard to Plaintiff's claim for Negligent Supervision.

**SIGNED this 2nd day of March, 2006.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE